## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

KENNETH R. KENT,
          Appellant,

      v.

SOCIAL SECURITY
   ADMINISTRATION,
          Agency.

DOCKET NUMBER
DE-0752-17-0171-I-1

DATE: October 28, 2022

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Kenneth R. Kent</u>, The Woodlands, Texas, pro se.

<u>Alexess Rea</u> and <u>Sara Pappas Bellamy</u>, Denver, Colorado, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1      The appellant, formerly a Social Insurance Specialist at the agency's Workload Support Unit in Golden, Colorado, has filed a petition for review of the initial decision, which sustained his removal based on charges of absence without leave (AWOL), inappropriate conduct, and failure to follow leave and attendance

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

instructions.[2]  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review.  Except as expressly MODIFIED to clarify the applicable standard to evaluate evidence of an affirmative defense of reprisal for protected equal employment opportunity (EEO) activity, and to address the administrative judge's omission of a report considered by the deciding official in reviewing the penalty of removal, we AFFIRM the initial decision.

The administrative judge properly sustained the agency's charges and found that the agency did not violate the appellant's due process rights or commit harmful procedural error.

¶2      On petition for review, the appellant renews arguments that he made during the proceedings below, namely, that:  (1) the agency improperly charged him with AWOL when he requested leave without pay for tasks related to his pending

[2] The appellant filed his petition for review by facsimile dated February 5, 2018, which the Clerk of the Board received on February 6, 2018.  Petition for Review (PFR) File, Tab 9.  The appellant's petition was thus filed several days after the deadline to file a petition for review of February 2, 2018, and he did not submit an explanation for the delay.  PFR File, Tabs 8-9.  In light of our conclusion that the merits of the appellant's petition do not warrant granting the petition for review, however, it is not necessary to make a finding regarding the timeliness of the petition.

Board and Equal Employment Opportunity Commission appeals; (2) the agency improperly changed approved leave to AWOL and validated his timesheet; and (3) the agency did not provide him with the information it relied upon in proposing his removal.[3] Petition for Review (PFR) File, Tab 9 at 5-12, 14, 16-17, 19. Our review of the record reflects that the administrative judge properly considered the appellant's arguments in finding that the agency proved its charges and did not violate the appellant's due process rights or commit harmful procedural error, and we discern no reason to disturb the administrative judge's well-reasoned findings. Initial Appeal File (IAF), Tab 35, Initial Decision (ID) at 3-29, 32-33; *see Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole and drew appropriate inferences); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

¶3      In addition, the appellant newly argues that: (1) the documents he submits with his petition contradict the declarations of agency witnesses that the agency submitted in its closing brief with respect to the time he left work on August 5, 2016, his demeanor during an August 12, 2016 meeting, and his demeanor during an August 15, 2016 encounter with his first-level supervisor; (2) the agency failed to obtain statements from a supervisor and other "disinterested" witnesses in support of its charges; (3) the agency violated his *Weingarten* rights[4] during an

---

[3] The appellant also filed an appeal of an earlier 30-day suspension, and has petitioned for review of the initial decision affirming that suspension. *Kent v. Social Security Administration*, MSPB Docket No. DE-0752-16-0391-I-1, Initial Decision (Mar. 21, 2017). On review, the appellant requests that the Board join his removal appeal with his previous appeal. PFR File, Tab 1 at 1. Joinder of the two appeals would not expedite the processing of the cases; therefore, the appellant's request is denied. 5 C.F.R. § 1201.36(b). We have not considered any arguments that the appellant makes in his petition for review of the instant case that concern his 30-day suspension.

[4] The appellant appears to refer to *National Labor Relations Board v. Weingarten, Inc.*, 420 U.S. 251 (1975), which held that an employee has a right to union representation during an investigatory interview when the employee reasonably believes that discipline may result. *Weingarten*, 420 U.S. at 267. Although *Weingarten* only applies to private

August 19, 2016 meeting; and (4) the events of October 17, 2016, did not occur as characterized by the agency in the fifth and sixth specifications of the second charge.[5] PFR File, Tab 9 at 8, 13-23. Additionally, he submits a chronology of events that he did not provide below. *Id.* at 23-27. The appellant has not alleged that these arguments are based on new and material evidence not previously available, despite his due diligence, thus the Board need not consider them. *See Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980) (holding that the Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence). Nevertheless, because several of the appellant's new arguments also reiterate portions of arguments that he made below, we have considered the arguments, but we find that the appellant has not demonstrated error in the administrative judge's findings that would warrant an outcome different from that of the initial decision. *See* 5 C.F.R. § 1201.115. We thus affirm the initial decision as modified, as explained below.

The appellant failed to prove his affirmative defense of reprisal for protected EEO activity.

¶4      In finding that the appellant did not show that reprisal for protected EEO activity was a motivating factor in his removal, the administrative judge applied the evidentiary standards set forth in *Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶¶ 42-43, 51 (2015), *overruled in part by Pridgen v. Office of Management & Budget*, 2022 MSPB 31, ¶¶ 23-25; ID at 29-32. In *Savage*, the Board stated that, when an appellant asserts an affirmative defense of discrimination or retaliation, the Board first will inquire whether the appellant has

---

sector employees, Congress has granted Federal employees *Weingarten*-type rights, as set forth in 5 U.S.C. § 7114(a)(2).

[5] The appellant appended several documents to his petition for review, all of which are in the record below except the documents he has labelled as exhibits 1, 2.3, 2.11, and 2.12, none of which are new and material to the instant case. PFR File, Tab 9 at 29, 33, 40-41.

shown by preponderant evidence that the prohibited consideration was a motivating factor in the contested personnel action. *Savage*, [122 M.S.P.R. 612](#), ¶ 51. The Board further stated that, in making his initial showing, an appellant may rely on direct evidence or any of the three types of circumstantial evidence described in *Troupe v. May Department Stores Company*, [20 F.3d 734](#), 736 (7th Cir. 1994), i.e., pretext, comparator or "convincing mosaic," either alone or in combination. *Savage*, [122 M.S.P.R. 612](#), ¶ 51.

¶5        The Board has since clarified that *Savage* does not require administrative judges to separate "direct" from "indirect" evidence and to proceed as if such evidence were subject to different legal standards, or to require appellants to demonstrate a "convincing mosaic" of discrimination or retaliation. *Gardner v. Department of Veterans Affairs*, [123 M.S.P.R. 647](#), ¶ 30 (2016), *clarified by Pridgen v. Office of Management & Budget*, [2022 MSPB 31](#), ¶¶ 23-24. Instead, as the Board stated in *Savage*, the dispositive inquiry is whether the appellant has shown by preponderant evidence that the prohibited consideration was a motivating factor in the contested personnel action. *Id.*; *see Savage*, [122 M.S.P.R. 612](#), ¶ 51. Here, the administrative judge mentioned the distinction between direct and circumstantial evidence, but there is no indication that he disregarded any evidence because it was not direct or circumstantial. ID at 29-32. Moreover, the administrative judge correctly found that the appellant failed to present any evidence supporting his claim of reprisal. ID at 31-32. Accordingly, the administrative judge properly concluded that the appellant failed to prove by preponderant evidence that reprisal was a motivating factor in his removal.[6]

---

[6] Because we discern no error with the administrative judge's motivating factor analysis or conclusion regarding this claim, we need not resolve the issue of whether the appellant proved retaliation was a "but-for" cause of the agency's decision. *See Pridgen v. Office of Management & Budget*, [2022 MSPB 31](#), ¶¶ 20-22, 29-33.

<u>The administrative judge properly found a nexus between the charged misconduct and the efficiency of the service and, despite omitting a report that the deciding official considered from his review of the penalty, he properly concluded that the penalty of removal was within tolerable limits of reasonableness.</u>

¶6      On review, the appellant does not challenge the administrative judge's finding that the agency showed a nexus between the sustained charges and the efficiency of the service, and we discern no reason to disturb these findings.  ID at 33-34; *see Clay*, [123 M.S.P.R. 245](#), ¶ 6.  However, the appellant renews his argument that the deciding official improperly considered a report that the appellant made inappropriate statements to his union representative in sustaining the penalty of removal, and that he did not have an opportunity to respond to this report.  PFR File, Tab 9 at 2-3.  Prior to the parties' filing of close of record submissions, the administrative judge ruled that the deciding official notified the appellant that he was considering this report and afforded the appellant an opportunity to respond, but that it was unnecessary for the administrative judge to consider the report in determining whether the penalty of removal was an appropriate penalty.  IAF, Tab 32 at 2-3; ID at 36 n.3.  The administrative judge did not explain his reasoning for this ruling.

¶7      When, as here, the agency's charges are sustained, the Board will review an agency-imposed penalty only to determine if the agency considered all of the relevant factors and exercised management discretion within tolerable limits of reasonableness.  *Adam v. U.S. Postal Service*, [96 M.S.P.R. 492](#), ¶ 5 (2004), *aff'd*, 137 F. App'x 352 (Fed. Cir. 2005).  The Board will modify a penalty only when it finds that the agency failed to weigh the relevant factors or that the penalty clearly exceeded the bounds of reasonableness.  *Id.*  The administrative judge erred in declining to consider the report that the appellant made inappropriate statements to his union representative as part of his review of the deciding official's choice of penalty, as the deciding official considered the information in sustaining the proposed penalty of removal.  IAF, Tab 7 at 6-13.

¶8        Moreover, a deciding official may consider uncharged, similar misconduct in determining a penalty when the agency gave the appellant clear notice that it was relying upon that uncharged misconduct. *Thomas v. U.S. Postal Service*, 96 M.S.P.R. 179, ¶ 9 (2004). Here, as described by the administrative judge, the deciding official notified the appellant that he intended to consider the report that the appellant made inappropriate statements in his analysis of the appellant's potential for rehabilitation and the adequacy of alternate sanctions, given the report's similarity to two specifications of inappropriate conduct. IAF, Tab 7 at 28-33, Tab 32 at 2-3. The deciding official provided the appellant with an opportunity to reply to the report, and the appellant provided a reply denying the allegations regarding what he said. *Id.* at 21-26, 29. Neither party submitted the results of the investigation into what the appellant purportedly said, nor has the appellant submitted any evidence showing that the report was unsubstantiated.

¶9        Rather than decline to consider the report, the administrative judge should have resolved the apparent conflict in the record evidence as to whether the incident set forth in the report occurred and whether the deciding official properly considered the report in sustaining the penalty of removal.[7]  *See Thomas*, 96 M.S.P.R. 179, ¶ 10 (concluding that the administrative judge erred in finding that the agency's reliance on uncharged misconduct was improper because there was conflicting evidence regarding the misconduct and he should have resolved the conflict by making a credibility determination). We need not resolve this conflict, however, because the deciding official stated in a sworn statement, submitted with the agency's close of record brief, that he would have decided to remove the appellant even in the absence of information regarding the alleged threat directed at the union representative. IAF, Tab 33 at 29. Accordingly, the administrative judge properly concluded that the deciding official weighed the

_____

[7] The appellant withdrew his request for a hearing during the proceedings below, and the administrative judge relied upon the written record in issuing an initial decision. IAF, Tabs 21, 24; ID at 1.

relevant factors and that the penalty of removal was within tolerable limits of reasonableness.[8]  ID at 34-37.

## NOTICE OF APPEAL RIGHTS[9]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file

---

[8] Nearly 8 months after filing his petition for review, the appellant filed a motion for leave to file new and material evidence.  PFR File, Tab 12.  The appellant claimed that, in August 2019, he received information about a "hypothetical" removal action from a prior agency at which he was employed, and that he believes that the prior agency provided this information to the Social Security Administration, which based a 14-day suspension on this information.  *Id.* at 2-3.  Even assuming that this evidence is new, we find that the appellant has not shown that the evidence is material to the outcome of this appeal.  Accordingly, we deny the appellant's motion.  5 C.F.R. § 1201.114(a)(5).

On May 4, 2022, the appellant filed a second motion for leave to submit new evidence, asserting that he had new and material information that was relevant to this case and his other case, *Kent v. Social Security Administration*, MSPB Docket No. DE-0752-16-0391-I-1.  PFR File, Tab 16.  The appellant asserts that his new evidence demonstrates "a nexus between [the agency's] charges, and Due Process, Prohibited Personnel Practice, Weingarten violations, Retaliatory Animus, Arbitrary, Capricious, and abuse of Discretion violations."  *Id.* at 5.  The appellant does not, however, explain with any specificity the nature of the evidence, its need to be submitted, or its relevancy to the material issues in this appeal.  Accordingly, we deny the appellant's motion.  5 C.F.R. § 1201.114(a)(5).

[9] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[10]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[10]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                          /s/ for
_____
                                        Jennifer Everling
                                        Acting Clerk of the Board
Washington, D.C.